## JOE WELLS v. STATE.

No. A-1144.   Opinion Filed January 16, 1912.

Appeal from Marshall County Court; J. W. Falkner, Judge.

Joe Wells was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

Kennamer & Coakley, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted in the county court of Marshall county, at the January, 1911, term, of selling intoxicating liquor, and on the 18th day of February, thereafter, was adjudged to pay a fine of fifty dollars and be confined in the county jail for a period of thirty days.   The proof upon which the conviction is based is very unsatisfactory.   There are other irregularities complained of, and upon the whole record we think this judgment should be reversed and the cause remanded for a new trial.   It is so ordered.

## JOHN KNIGHT v. STATE.

No. A-1150.   Opinion Filed January 16, 1912.

Appeal from Hughes County Court; P. W. Gardner, Judge.

John Knight was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

B. N. Hicks, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the January, 1911, term of the county court of Hughes county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of one hundred dollars and imprisonment in the county jail for a period of thirty days. The transcript before us is certified as complete.   There is no case-made.   It appears that the plaintiff in error was tried in the court below without counsel, and that the testimony taken upon the trial was not preserved by reporter.   A motion for a new trial was filed which sets up facts tending to show that the rights of the accused were not properly preserved, and as an affirmative defense to the charge.   In view of the fact that the testimony was not taken by the court stenographer, and that the record does not show that the court preserved the rights of the plaintiff in error, we think a new trial should be awarded.   The judgment is reversed and the cause remanded for a new trial.